UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANKLIN PLEITES HERNANDEZ** | **CIVIL ACTION** |
|     Honduras | **NO. 2:15-cv-03235** |
| Petitioner | **SECTION "S"** |
| VERSUS | **MAGISTRATE 3** |
| **REINA LETICIA GARCIA PEÑA** | **HONORABLE MARY ANN VIAL LEMMON** |
|     Honduras | **MAGISTRATE DANIEL E. KNOWLES, III** |
| Respondent | |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes respondent, Reina Leticia Garcia Peña (hereinafter "Respondent" or "Ms. Peña"), who, for her answer to the Verified Petition for Return of Child to Petitioner and for Immediate Issuance of Show Cause Order to Respondent of Petitioner, Franklin Pleites Hernandez (hereinafter "Petitioner" or "Mr. Hernandez"), respectfully avers as follows:

### FIRST DEFENSE

Petitioner abuses alcohol and cocaine, which have always come first in his life, even after the birth of his child in 2009 (an event that he did not attend).  He did not live with Respondent and his child during the child's infancy, nor did he provide consistent or significant financial support.  About two and a half years after his child was born, Petitioner made grand promises about wanting to be a bigger part of his child's life, resulting in Petitioner and Respondent's brief marriage in 2012.  The family lived together only for a short time after the 2012 marriage. During that time, Petitioner frequently went into drunken rages, during which he verbally and

physically abused the Respondent and the minor child. He would also kick the Respondent and child out of "his house," leaving his wife and young child to fend for themselves. Petitioner abused and abandoned his child. Accordingly, return of the child to his father in Honduras would result in a grave risk of psychological and physical harm, an intolerable situation under Article 13(b) of the Hague Convention.

## SECOND DEFENSE

The minor child has become settled in his new environment in the United States within the meaning Article 12 of the Hague Convention to the point that returning him to Honduras would expose him to a grave risk of psychological harm. The fact that the child has been in the United States for well over a year, regularly attends school and church in the United States, and has bonded with his young sister, a U.S. citizen, supports a finding that he should not be removed from the United States. Further, removal from his settled environment would result in a grave risk of psychological harm under Article 13(b).

## THIRD DEFENSE

The minor child has reached a sufficient age and degree of maturity to have his objection to being returned to Honduras to be taken into account as part of a broader analysis under Article 13(b).

## FOURTH DEFENSE

Upon information and belief, issues relating to the custody of the minor child have been adjudicated and determined in Honduras during Petitioner and Respondent's divorce proceeding. Thus, there is no need to return the child to Honduras for that country's courts to resolve any dispute over the child. Accordingly, the goals of the Hague Convention (*See* Rec. Doc. 1, para. 2) are satisfied, and the issues presented in the Petition are moot.

## **FIFTH DEFENSE**

NOW, answering specifically the numbered paragraphs of the Verified Petition, Ms. Peña responds as follows:

1.

The allegations in Paragraph 1 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña admits the allegations contained therein.

2.

The allegations in Paragraph 2 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña admits the allegations contained therein.

3.

Ms. Peña admits the allegations contained in Paragraph 3.

4.

Ms. Peña admits the allegations contained in Paragraph 4.

5.

Ms. Peña denies the allegations contained in Paragraph 5.

6.

It is admitted that Petitioner and Respondent's five-year-old son, DAPG, was born on September 17, 2009. The remaining allegations contained in Paragraph 6 are denied.

7.

Ms. Peña admits the allegations contained in Paragraph 7.

8.

Ms. Peña denies the allegations contained in Paragraph 8.

9.

The allegations of Paragraph 9 are denied for lack of information sufficient to justify a belief as to the truth of the matters asserted.

10.

The allegations of Paragraph 10 are denied for lack of information sufficient to justify a belief as to the truth of the matters asserted.

11.

Ms. Peña denies the allegations contained in Paragraph 11.

12.

Ms. Peña denies the allegations contained in Paragraph 12.

13.

Ms. Peña denies the allegations contained in Paragraph 13.

14.

Ms. Peña denies the allegations contained in Paragraph 14.

15.

Ms. Peña denies the allegations contained in Paragraph 15.

16.

Ms. Peña denies the allegations contained in Paragraph 16.

17.

The allegations in Paragraph 17 do not require a response by Ms. Peña.  However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

18.

Ms. Peña denies the allegations contained in Paragraph 18.

-5-

19.

Ms. Peña denies the allegations contained in Paragraph 19.

20.

Ms. Peña denies the allegations contained in Paragraph 20.

21.

Ms. Peña denies the allegations contained in Paragraph 21.

22.

The allegations in Paragraph 22 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

23.

The allegations in Paragraph 23 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

24.

The allegations in Paragraph 24 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

25.

The allegations in Paragraph 25 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

26.

The allegations in Paragraph 26 do not require a response by Ms. Peña. However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

27.

The allegations in Paragraph 27 do not require a response by Ms. Peña.  However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

28.

The allegations in Paragraph 28 do not require a response by Ms. Peña.  However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

29.

The allegations in Paragraph 29 do not require a response by Ms. Peña.  However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

30.

The allegations in Paragraph 30 do not require a response by Ms. Peña.  However, to the extent a response is deemed necessary, Ms. Peña denies the allegations contained therein.

WHEREFORE, Respondent, Reina Leticia Garcia Peña, prays that Petitioner's Verified Petition for Return of Child to Petitioner and for Immediate Issuance of Show Cause Order to Respondent be dismissed, with prejudice, and at Petitioner's cost.  Respondent further prays for all such other and further relief as law and justice and equity may require.

-7-

Respectfully submitted:

_____
Raymond T. Waid (Bar #31351)
Mirais M. Holden (Bar #35173)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
rwaid@liskow.com
mholden@liskow.com

*Attorney for Reina Leticia Garcia Peña*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of September, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

_____

4311088_1.docx