UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANKLIN PLEITES HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-3235** |
| **REINA LETICIA GARCIA PEÑA** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for New Trial Pursuant to Rule 59 of the Federal Rules of Civil Procedure filed by petitioner, Franklin Plietes Hernandez (Doc. #55), is **DENIED**.

Rule 59(a) of the Federal Rules of Civil Procedure permits a court to grant a new trial after a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). In addition, Rule 59(a)(2) provides that, on a motion for new trial made after a nonjury trial, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Id. at 59(a)(2). "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2084 (3d ed. 2015). Further, a motion for new trial under Rule 59 "grounded upon newly discovered evidence will not be granted unless (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." English v. Mattson, 214 F.2d 406, 409 (5th Cir. 1954).

Petitioner, Franklin Plietes Hernandez, has not demonstrated that a new trial is warranted under Rule 59.  He argues that evidence of the deportation status of respondent, Reina Leticia Garcia Peña, and the minor child, D.A.P.G., would change the outcome of this case because, with such evidence, the court would put controlling weight on Garcia's and D.A.P.G.'s immigration status in the well-settled child analysis.  Hernandez also argues that he could not have obtained the documentation sought prior to trial due to the compressed time-frame and that the documentation is not cumulative because it is not in the record.

Although the court ruled on Hernandez's petition without evidence that Garcia and D.A.P.G. have been ordered deported, the court appropriately weighed the immigration status issue with all of the other factors relevant to the well-settled child analysis.  The jurisprudence on the issue dictates that it is but one factor to be considered.  When considering all of D.A.P.G.'s other ties to his current environment, the court appropriately found that D.A.P.G.'s and Garcia's questionable immigration status did not outweigh those contacts in the well-settled child analysis.  Further, the evidence sought by Hernandez would not change the court's analysis or the outcome of the case.  Therefore, Hernandez's motion is DENIED.

New Orleans, Louisiana, this __21st__ day of October, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**